UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA KATUMBUSI,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>        Defendants. | No.  2:15-cv-1046 KJM CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has filed a third amended complaint.

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In this action, plaintiff alleges a variety of claims against various governmental entities and social service workers. Plaintiff complains about actions taken in connection with her teen-aged daughters. In the complaint, plaintiff alleges that her daughters are uncontrollable, defiant, habitually refuse to obey their parents and disregard authority. Plaintiff complains about actions taken by Child Protective Services and other agencies. Although plaintiff sets forth a long litany of actions taken by defendants with respect to placing her children in foster care and juvenile dependency hearings, plaintiff fails to state a claim under the Civil Rights Act.

Plaintiff was previously advised of the standards for stating a claim under 42 U.S.C. § 1983. The third amended complaint does not cure the pleading deficiencies evident in the original, first or second amended complaint. Plaintiff fails to demonstrate how the conduct of each defendant resulted in a deprivation of plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff names as defendants various public entities but fails to allege a custom or policy sufficient to give rise to municipal liability. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) (liability of municipality under section 1983 must rest on official policy giving rise to the alleged constitutional deprivation).

/////

1     Plaintiff has now filed four complaints in this action.  Plaintiff has been advised of the
2  standards for stating a claim under 42 U.S.C. section 1983.  Like the prior complaints which
3  contained only vague and conclusory allegations, the third amended complaint still fails to state a
4  claim.  At best, plaintiff's pleadings demonstrate that she has problems with her daughters and
5  does not like the way the social workers have addressed her daughters' problems.  Plaintiff's
6  allegations are insufficient to state a claim pursuant to section 1983.  Despite repeated
7  opportunities to cure the deficiencies in his complaints, plaintiff has failed to do so.  Moreover, it
8  appears that further amendment would be futile.

9     Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

10    These findings and recommendations are submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12 after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
15 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
16 Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 Dated:  September 29, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

20 4 katumbusi1046.tac.57